UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| MICHAEL M. SHEPHERD, | ) | |
|---|---|---|
| Petitioner, | ) | No. 5:19-CV-319-DCR-HAI |
| v. | ) | RECOMMENDED DISPOSITION |
| KEVIN MAZZA, Warden, | ) | |
| Respondent. | ) | |

*** *** *** ***

On August 9, 2019, the Court received Petitioner Michael Shepherd's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. D.E. 1. Shepherd submitted an amended petition which the Court received on August 12, 2019. D.E. 4. The amended petition adds three appendix pages which are excerpts from the opinion of the Kentucky Court of Appeals denying Shepherd's second RCr 11.42 motion. The matter was assigned to the undersigned in accordance with Rule 4 of the Rules Governing Section 2254 Cases to conduct a preliminary review. *See* Rules Governing Section 2254 Cases, Rule 4. Throughout this decision, the Court will analyze the amended petition.

I.

Following a jury trial in Fayette Circuit Court in March 2006, Shepherd was found guilty of intentional murder, first-degree robbery, and evidence tampering. On May 25, 2006, he was sentenced to life in prison without the possibility of parole for twenty-five years for the intentional murder, twenty years in prison for the robbery, and five years in prison for the evidence tampering. Shepherd appealed to the Kentucky Supreme Court, which affirmed his conviction on February

1

21, 2008. *Shepherd v. Commonwealth*, 251 S.W.3d 309 (Ky. 2008). An amended opinion was entered on May 22, 2008. The Court assumes, for purposes of its timeliness analysis only, that the date of the amended opinion created a new triggering date for purposes of filing a § 2254 petition.

On May 21, 2009, Shepherd filed a motion for post-conviction relief under Kentucky Rule of Criminal Procedure 11.42. The trial court denied relief, and the Kentucky Court of Appeals affirmed the decision in an August 10, 2012 opinion addressing both Shepherd's RCr 11.42 motion and CR 60.02 motion filed on December 3, 2010. *Shepherd v. Commonwealth*, 2012 WL 3235952 (Nos. 2010-CA-001104-MR, 2011-CA-001021-MR) (Ky. Ct. App. 2012). The Supreme Court of Kentucky denied discretionary review on April 17, 2013. *Shepherd v. Commonwealth*, No. 2012-SC-570, 2013 LEXIS 121 (Ky., Apr. 17, 2013). Shepherd did not seek federal Supreme Court review.

On August 6, 2019, Shepherd filed the petition for federal habeas relief that is now under consideration.[1] D.E. 1. Such petitions are subject to a one-year statute of limitations under 28 U.S.C. § 2244(d). The limitation period begins to run from the date a petitioner's judgment becomes final, or from one of three other triggering events. *See id.* § 2244(d)(1)(A). A judgment of conviction becomes final for the purposes of § 2244(d)(1)(A) when either direct review concludes or the time for seeking such review expires. *See Linscott v. Rose*, 436 F.3d 587, 591 (6th Cir. 2006). However, this period is tolled during the pendency of any "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2).

The relevant dates are as follows. Shepherd appealed his conviction to the Kentucky Supreme Court, which issued its amended opinion on May 22, 2008. The 90-day period for filing

---

[1] August 6 is the filing date of the amended petition under the mailbox rule. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (citing *Houston v. Lack*, 487 U.S. 266, 270-72 (1988)); D.E. 4 at 15. Shepherd's amended petition was docketed on August 12, 2019.

a petition for writ of certiorari to the United States Supreme Court began that day. *See Giles v. Beckstrom*, 826 F.3d 321, 324 (6th Cir. 2016); Sup. Ct. R. 13.3. The 90-day window expired on August 20, 2008, and the 365-day statute of limitations for his § 2254 petition began to run the following day. Fed. R. Civ. P. 6(a)(1)(A). Two-hundred seventy-four days later, on May 21, 2009, tolling began when Shepherd filed his RCr 11.42 motion. That motion was resolved on April 17, 2013, when the Kentucky Supreme Court denied discretionary review. From that date, another 90-day period for filing a petition for writ of certiorari to the United States Supreme Court began. It ran until July 16, 2013. At that point, Shepherd had ninety-one days remaining on the clock to file his § 2254 motion. This brings us to a deadline of October 25, 2013.[2] Shepherd filed his § 2254 petition on August 6, 2019, more than five years and nine months past the deadline.

Because Shepherd failed to meet the one-year deadline after his state conviction became final for purposes of § 2244(d)(1)(A), Shepherd's petition is untimely. However, Shepherd bases his § 2254 petition upon authority implicating § 2244(d)(1)(C), which provides that the one-year statute of limitations begins on "the date the constitutional right asserted was initially recognized by the Supreme Court, if it has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." D.E. 4 at 14. Shepherd claims his sentence is unconstitutional under *Miller v. Alabama*, 567 U.S. 460 (2012) and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016).

II.

While not explicitly stated, the Court construes Shepherd's petition as arguing that the one-year limitation imposed by 28 U.S.C. § 2244(d)(1) should be calculated as beginning on the date

---

[2] Although it has no effect on the calculations because the limitations period had already expired, Shepherd filed a second RCr 11.42 motion on January 23, 2017, review of which was denied on June 5, 2019.

*Montgomery v. Louisiana*, 136 S. Ct. 718 (2016) was decided. D.E. 4 at 14. *Montgomery* was decided on January 25, 2016.

In *Montgomery*, the Court held its ruling in *Miller v. Alabama*, 567 U.S. 460 (2012) announced a new substantive rule and was retroactive on collateral review. *Montgomery*, 136 S. Ct. at 736. *Miller* held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller* at 479. Section 2244(d)(1)(C) is premised upon "the date on which the constitutional right was initially recognized." The constitutional right Shepherd now relies upon was decided in *Miller* on June 25, 2012, not on the date *Montgomery* held that right to be retroactive. The one-year limitations period for newly recognized rights begins to run on the date the Supreme Court initially recognizes the new right, not the date on which the right is made retroactive. *Dodd v. United States*, 545 U.S. 353, 357 (2005) (applying § 2255 ¶ 6(3), which reads the same as § 2244(d)(1)(C)).

Because *Miller* was decided on June 25, 2012, Shepherd had until June 25, 2013, to either file his § 2254 petition or to collaterally attack his sentence in state court. His § 2254 was not filed until several years later. While Shepherd did eventually attack his sentence in Fayette Circuit Court through a RCr 11.42 motion based on *Miller*, that was not filed until January 23, 2017, more than three and a half years after the expiration of the one-year statute of limitations, so that attack does not provide any tolling.

III.

For the reasons stated above, Shepherd's motion is untimely under 28 U.S.C. § 2244(d)(1)(A) and he cannot avail himself of subsection (d)(1)(C).

Typically, before recommending dismissal, the Court would grant the movant a further opportunity to make a showing of timeliness to "accord the parties fair notice and an opportunity

4

to present their positions." *Day v. McDonough*, 547 U.S. 198, 210 (2006); *accord Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015). "The long-standing general rule is that a court may not dismiss an action without providing the adversely affected party with notice and an opportunity to be heard." *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cr. 2000).

A show-cause order is not necessary in this case. Shepherd will have another opportunity to address the timeliness of his motion by filing appropriate objections to this Recommended Disposition. The Sixth Circuit in *Shelton* recognized that a petitioner's opportunity to object to a magistrate judge's Recommended Disposition satisfies the notice requirement. *Shelton*, 800 F.3d at 295.

IV.

The undersigned therefore **RECOMMENDS** that Shepherd's petition be dismissed as time-barred.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue. *See* 28 U.S.C. § 2253(c)(2). When a case is dismissed on procedural grounds, a Certificate may only issue if the movant can show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court has considered the issuance of a Certificate of Appealability as to Shepherd's claim. No reasonable jurist would find the procedural ruling above to be debatable; thus, no Certificate of Appealability should issue.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings, Rule 8(b). Within **fourteen days** after being served

with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, **by the District Court**. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 26th day of August, 2019.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge