UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MICHAEL MERRALL SHEPHERD, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 19-319-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KEVIN MAZZA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Petitioner Michael Merrall Shepherd was 16 years old when he shot and killed 18-year-old Megan Liebengood as she was unloading groceries from her car at an apartment complex in Lexington, Kentucky.  Shepherd was convicted of intentional murder, first-degree robbery, and tampering with physical evidence in the Fayette Circuit Court in May 2006.  He had turned 18 by the time he was sentenced to life imprisonment without the possibility of parole for 25 years for the murder, 20 years for robbery, and 5 years for tampering with evidence.

The convictions and sentences were affirmed on appeal and upheld following two collateral challenges in state court.  *Shepherd v. Commonwealth*, 251 S.W.3d 309 (Ky. 2008); *Shepherd v. Commonwealth*, Nos. 2010-CA-1104, 2011-CA-1021, 2012 WL 3235952 (Ky. Ct. App. Aug. 10, 2012); *Shepherd v. Commonwealth*, No. 2017-CA-1725, 2018 WL 6264429 (Ky. Ct. App. Nov. 30, 2018).

Shepherd now has filed a petition for habeas corpus under 28 U.S.C. § 2254.  He contends that his sentence is unconstitutional under the United States Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460, 479 (2012), which held that juvenile offenders

may not be sentenced to mandatory life imprisonment without the possibility of parole.[1]  In January 2016, the Supreme Court held that *Miller* announced a new rule of substantive constitutional law that was retroactive on collateral review.  *Montgomery v. Louisiana*, 136 S. Ct. 718, 732 (2016).

Consistent with local practice, this matter was referred to a United States Magistrate Judge for preparation of a report and recommendation.  *See* 28 U.S.C. § 636.  United States Magistrate Judge Hanly A. Ingram issued a Recommended Disposition on August 26, 2019, recommending that Shepherd's petition be dismissed as time-barred.  [Record No. 5]  Neither party filed objections within the 14-day period for submitting objections.

Although the Court must review de novo any portions of the Recommended Disposition to which objections are made, § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, a party who fails to file objections to the Magistrate Judge's Recommended Disposition typically forfeits the right to appeal.  *Berkshire v. Beauvais*, 928 F.3d 520 (6th Cir. 2019) (citing *Thomas*, 474 U.S. at 142).  Regardless, the Court has examined the record and conducted a *de novo* determination that the Recommended Disposition should be adopted in full.

Shepherd relies on the "newly recognized" right set forth in *Miller*, which was issued June 25, 2012.  And as the Magistrate Judge explained, the one-year statute of limitations for

---

[1] Shepherd filed an initial § 2254 petition on August 9, 2012.  He submitted an amended petition on August 12, 2019, which was substantially similar to the initial petition.  [*See* Record Nos. 1, 4, and 5, p. 1]

filing a habeas petition based on the holding in *Miller* began running on that date. *See Dodd v. United States*, 545 U.S. 353, 357 (2005); 28 U.S.C § 2244(d)(1)(C). *See also Moore v. Martin*, No. CIV-18-409-R, 2018 WL 4615985, (W.D. Ok. Sept. 26, 2018) (limitations period for similar § 2254 petition began when Supreme Court issued *Miller*, not *Montgomery*.)

The Court assumes *arguendo* that the deadline for filing the § 2254 petition was tolled during the pendency of *Shepherd v. Commonwealth*, 2012 WL 3235952 (Aug. 10, 2012) (Kentucky Supreme Court denied discretionary review on Apr. 17, 2013). *See* 28 U.S.C. § 2244(d)(2). It does not appear that Shepherd petitioned for a writ of certiorari to the United States Supreme Court, but the deadline for doing so was July 16, 2013. Accordingly, construing the timeline in Shepherd's favor, the deadline for filing a § 2254 petition based on *Miller* was July 16, 2014.[2] *See* 28 U.S.C § 2244(d)(1)(C). Therefore, Shepherd's petition filed on August 9, 2019, is untimely.

Rule 11 of the Federal Rules Governing Section 2254 Cases requires this Court to determine whether a certificate of appealability should issue. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of the constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)).

---

[2] Shepherd filed a second motion for post-conviction relief in state court on January 23, 2017. *Shepherd v. Commonwealth*, No. 2017-CA-1725, 2018 WL 6264429 (Ky. Ct. App. Nov. 30, 2018). However, this does not affect the Court's analysis since the limitations period for filing a § 2254 petition had already elapsed.

Shepherd has failed to establish that reasonable jurists could disagree regarding this Court's dismissal of his § 2254 petition. This is not a close case, since Shepherd's petition was filed more than five years too late and he has not identified any bases for additional tolling of the statute of limitations. Accordingly, it is hereby

**ORDERED** as follows:

1.    The Magistrate Judge's Recommended Disposition [Record No. 5] is **ADOPTED** in full and **INCORPORATED** here by reference.

2.    Michael Merrall Shepherd's petitions under 28 U.S.C. § 2254 [Record Nos. 1, 4] are **DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

3.    The Clerk of the Court is directed to mail a copy of this Memorandum Opinion and Order to the petitioner.

4.    A Certificate of Appealability shall not issue.

5.    A separate Judgment shall be entered on this date.

Dated: September 13, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky